QUESTION: Does the decision of the Florida Supreme Court in Presbyterian Homes of the Synod of Florida v. Wood, 297 So.2d 556
(Fla. 1974), eliminate any consideration of the provisions contained in s. 196.197(4), F.S., thereby leaving determination of a home for the aged's entitlement to ad valorem tax exemption solely under the definitional section for "charitable purpose," s.196.012(6), F.S., and the provisions for determining nonprofit status, s. 196.195, F.S.?
SUMMARY: The decision of the Florida Supreme Court in Presbyterian Homes of the Synod of Florida v. Wood, 297 So.2d 556 (Fla. 1974), did not eliminate any consideration of the provisions of s.196.197(4), F.S. However, before exemption may be granted under said subsection, the home for the aged must be found to be serving a charitable purpose as defined by s. 196.012(6), F.S., must meet the criteria of nonprofit status contained in s. 196.195, F.S., and such portions for which exemption is sought under s.196.197(4), F.S., must not be entitled to exemption under s.196.197(1) or (2), F.S. Section 196.197, F.S. 1973, provides additional criteria which must be met by, inter alia, homes for the aged in order to be granted exemption from ad valorem taxation. Among those criteria are the "income tests" contained in subsections 196.197(2)(a), (b), (c), and (d), F.S. 1973: (2) After removing the assessed value exempted in subsection (1), homes for the aged shall be exempt to the extent that residency in the applicant homes is actually restricted to: (a) Persons having a gross income of not more than five thousand dollars per year who are sixty-two years of age or older; (b) Couples, one of whom must be sixty-two years of age or older, having a combined gross income of not more than six thousand dollars per year; (c) Persons who are totally and permanently disabled and have gross incomes of not more than five thousand dollars per year; and (d) Couples, one or both of whom are totally and permanently disabled, having a combined gross income of not more than six thousand dollars per year. . . . (Emphasis supplied.) In Presbyterian Homes of the Synod of Florida v. Wood, 297 So.2d 556 (Fla. 1974), the Florida Supreme Court held the "income tests," italicized above, to be unconstitutional, in violation of Art. VII, s. 3(a), State Const. In AGO 074-275, I expressed the opinion that, after excising the "income test" portions of the above-quoted statutes, the age and disability criteria retained their validity.
Subsection 196.197(4), F.S., as amended by Ch. 74-264, Laws of Florida, provides an alternative exemption, s. 196.197(3), for certain portions of homes for the aged under certain circumstances: (4)(a) Each unit or apartment of homes for the aged which are owned and operated by a Florida corporation organized under the provisions of chapter 617 not exempted in subsections (1) or (2), which property is used by such homes for the aged for the purposes for which they were organized, shall be exempt from all ad valorem taxation, except for assessments for special benefits, to the extent of five thousand dollars of assessed valuation of such property for each apartment or unit. . . . (Emphasis supplied.) Initially it should be noted that all of the criteria listed in the various subsections of s. 196.197, F.S., are under the general heading of s. 196.197: In addition to criteria for granting exemptions for charitable use of property set forth in other sections of this chapter, hospitals, nursing homes, homes for special services, and homes for the aged shall be exempt to the extent they meet the following criteria . . . . (Emphasis supplied.) Thus, before any exemption may be granted, even under s. 196.197(4), supra, a home for the aged must be found to be serving a "charitable purpose" as defined in s. 196.012(6), F.S. This determination is a factual one which must be made in the first instance by the assessor. Section 196.193, F.S.; AGO 074-75. In addition, the home for the aged applicant must be found to be "nonprofit" under the criteria of s. 196.195, F.S. Subsection 196.197(4), F.S., as amended, thus comes into play to provide an exemption for certain portions of a home for the aged under the provisions contained therein only after: The home for the aged is determined to be serving a "charitable purpose" as defined by s. 196.012(6), F.S.; the home for the aged is determined to be nonprofit under the criteria of s. 196.195, F.S.; and such portions of the home for the aged for which exemption under s. 196.197(4), F.S., is sought must not be entitled to exemption under s. 196.197(1) or (2), F.S. See also AGO 074-326.